ENGLAND, Justice.
Marcus Bernard Williams was convicted of murdering Melanie Dawn Rowell. The murder was made capital because it was committed during a rape or an attempted rape. See § 13A-5-40(a)(3), Ala.Code 1975. After a sentencing hearing, the jury recommended, by a vote of 11-1, that Williams be sentenced to death. The trial court accepted that recommendation and sentenced Williams to death.
The Court of Criminal Appeals affirmed the conviction and the sentence of death. Williams v. State, 795 So.2d 753 (Ala.Crim.App.1999). We granted Williams’s petition for certiorari review. We affirm the judgment of the Court of Criminal Appeals.
Many of the facts relevant to the issues raised in this certiorari review are set out in the trial court’s sentencing order, which is quoted in the Court of Criminal Appeals’ opinion. Williams, supra, at 761-62. We quote that order again here:
“On November 6th, 1996, the defendant had been out with Mends, drinking and smoking marijuana. Upon returning home that evening, the defendant’s thoughts turned to a young female neighbor of his, Melanie Dawn Rowell, and his desire to have sexual relations with her.
“At approximately 1:00 a.m. that night, Williams attempted to enter Ro-well’s back door, but the door was locked. He then noticed a kitchen window beside the door. He removed the screen from the window and found that the window was not locked. It was through that window that Williams obtained entrance to the apartment.
“Williams proceeded through the kitchen to the stairs leading to the upstairs bedroom. Before exiting the kitchen, Williams removed a knife from a set of knives in a holder on a kitchen countertop. Part way up the stairs, knife in hand, Williams removed his pants. Upon reaching the upstairs area, Williams crossed over a ‘baby gate’ which protected Rowell’s two children, ages 15 months and 2 years, from the stairs. Williams looked into the children’s room and found them both asleep.
“Williams then entered the room of Melanie Rowell. He climbed in bed on top of her. When he began removing Rowell’s clothes, a struggle ensued. Ro-well fought Williams and began screaming despite [his] being armed with a knife. Williams placed his hand over her mouth to silence her and once again attempted to remove her clothes. As Rowell continued to struggle, Williams placed his hands around her neck. Eventually Rowell ceased to struggle as Williams continued to strangle her. When she was motionless, Williams proceeded to have sexual intercourse with her for 15 to 20 minutes. Prior to ejaculation, Williams pulled out and ejaculated on Rowell’s stomach. There was a small cut inflicted upon Rowell’s throat that was determined to be post-mortem. The cause of death was asphyxia due to strangulation.
*787 “As he left Rowell’s apartment, Williams took her purse. According to his statement, he threw the purse and the knife into a dumpster outside the apartment, although a search of the dumpster the next day by law enforcement failed to find either.
“The defendant was subsequently arrested after being identified by the elderly female victim in a subsequent break-in in the Ashville area. Upon being taken into custody for that offense, the defendant gave a statement admitting his involvement in the death of Melanie Rowell.”
(C.R.105-07.)
We granted Williams’s certiorari petition to review the opinion of the Court of Criminal Appeals and to search the record for plain error, pursuant to Rule 39(k), Ala-R-App.P.[1] Williams raises 22 issues on appeal, including the following issues, which Williams failed to properly preserve: whether the trial court improperly instructed the jury on voluntary intoxication; whether the trial court erroneously instructed the jury on the aggravating circumstances; whether the trial court improperly allowed the victim’s mother to give overly emotional victim-impact testimony during the sentencing hearing; whether Williams received ineffective assistance from his trial counsel; whether the trial court erroneously allowed the victim’s mother to testify that the victim.’s children were in the residence when the mother found the victim’s body; whether the trial court improperly limited the scope of Williams’s cross-examination of Larry Huys, the State’s DNA expert; whether the prosecutor made improper comments during the guilt-phase closing arguments and during the penalty-phase opening arguments; whether the trial court erred by-not instructing the jury that it could find Williams not guilty by reason of a mental disease or defect; and whether the trial court erred by not instructing the jury on manslaughter. Although Williams failed to properly preserve these issues for appeal, this Court is obligated in.this case to search the record for plain error. See Rule 39(k), Ala.R.App.P.[2] Error is plain if “ ‘the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings.’ ” Haney v. State, 603 So.2d 368, 392 (Ala.Crim.App.1991), aff'd, 603 So.2d 412 (Ala.1992), cert. denied, 507 U.S. 925, 113 S.Ct. 1297, 122 L.Ed.2d 687 (1993) (citation omitted). The Court of Criminal Appeals thoroughly addressed and properly decided each of the issues raised on appeal, including those issues that were not properly preserved. None of the issues required reversal. Moreover, our search of the record reveals no reversible error, plain, or otherwise. Thus, we decline to address any of the specific issues raised by Williams.
We have meticulously searched the entire record for reversible error, and we have found none, plain or otherwise. We conclude that Williams received a fair trial. *788 We have reviewed the opinion of the Court of Criminal Appeals and conclude that it adequately and properly reviewed Williams’s conviction and sentence. Consequently, the judgment of the Court of Criminal Appeals affirming Williams’s conviction and his sentence of death is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, BROWN, and JOHNSTONE, JJ„ concur.

. Rule 39 was amended, effective May 19, 2000. As it relates to cases in which the death penalty has been imposed, "The amendment removes the provision in the former Rule 39(c) that provided that a petition for a writ of certiorari to the Supreme Court in a case in which the death-penalty was imposed would be granted as a matter or right. With this amendment, review of death penalty cases will be at the discretion of the Supreme Court. The Supreme Court retains the authority to notice any plain error or defect in the proceedings under review in those cases.” Court Comment to Amendment to Rule 39, Ala.R.App.P., effective May 19, 2000, as to death-penalty cases.

. The petition for certiorari review in this case was filed in this Court on February 11, 2000, before the effective date of the amendment to Rule 39. See note 1.